3:19 cv 837

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MARK C. JOHNSON CLAIMANT(S) v.s. PENNY MAC LOAN SERVICES LLC ET. AL., RESPONDENT(S)

I, MARK C. JOHNSON do now submit a Petition to Confirm (without filing a Complaint) before this Honorable Court at Richmond Virginia.

The Particulars are submitted in subsequent order. Thank you.

Being written and drafted by my hand, in earnest this day at The Honorable Court at Richmond.

To: Chief Financial Officer
    Mr. Andrew Yang or Delegated Authority
Penny Mac Loan Services L.L.C.
P.O. Box 660929
Dallas, Texas 75266-0929

TO THIS HONORABLE COURT AT RICHMOND VIRGINIA

I MARK C. JOHNSON, being of Sound Mind, And having Reached the Age of Majority And being Cognizant of all Matters Pertaining to myself, do concur with the findings of this Arbitration hearing and do graciously Accept the Award in earnest this day of November Twelve, Two Thousand Nineteen Hundred Year of OUR LORD A.d.

This is Conclusively; my Filing A Petition to Confirm before THE COURT AT RICHMOND.

I do elect to file this Petition without A complaint.

Federal Arbitration Act
- Maritime Matters
- Interstate or Foreign Commerce
  Sec (9 U.S.C. § 9).

This Arbitrator arguably construed and (complied) applies the party contract. Upshur Coals Corp. v. United Mine Workers of Am. Dist. 31. 933 F. 2d 225, 229 (4th Circuit 1991). This Arbitration provided speedy and inexpensive Resolution of Disputes, See MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010)

This Federal Court may enforce an Award for the Court has:
- Diversity Jurisdiction
- Federal Question Jurisdiction

(see Vaden v. Discover Bank, 55E U.S. 49, 65-66 (2009).)

The Fourth Circuit has relied on the ordinary meaning of "may" to conclude that the one-year limitations period is permissive. (Sverdrup Corp. v. WHC Constructors, Inc., 989 F.2d 148 (4th Cir. 1993); Val-U Constr. Co of S.D. v. Rosebud Sioux Tribe 146 F.3d 573 (8th Cir. 1998)).

If: (FAA) Courts may vacate arbitral awards governed the FAA on the common law ground of manifest disregard of the law, (contract) but the ground for vacatur is uncertain.

FAA lists exclusive grounds for refusing to enforce it does not list manifest disregard of the law (contract) as one of the grounds.

Parties may not agree to expand the scope of judicial review of arbitral awards. (552 U.S. 576, 586, (2008).)

The federal policy behind the FAA is simply to ensure that arbitration agreements are enforceable. (Chorley Enters. Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d. 553, 570 (4th Cir. 2015)).

By: Johnson, Mark-Christopher
of Virginia, born and
domiciled.
November 12th, 2019 12:45 pm