**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **MARK C. JOHNSON,** | **Case. No. 3:19-cv-00837-DJN** |
| Plaintiff, | Judge David J. Novak |
| v. | |
| **PENNYMAC LOAN SERVICES, LLC, et al.,** | |
| Defendants. | |

**DECLARATION OF ADRIEN C. PICKARD IN SUPPORT OF DEFENDANT
PENNYMAC LOAN SERVICES, LLC'S MOTION
FOR SANCTIONS UNDER FED. R. CIV. P. 11**

I, ADRIEN C. PICKARD, do declare as follows:

1.      I am a member of the Bar of the Commonwealth of Virginia and an attorney with the firm Blank Rome LLP, counsel for Defendant PennyMac Loan Services, LLC ("PennyMac"). I am, and have been since the inception of this case, one of the attorneys at Blank Rome LLP responsible for handling this case on behalf of PennyMac.  I make this declaration in support of PennyMac's Motion for Sanctions Under FED. R. CIV. P. 11 (the "Rule 11 Motion").  I make this declaration of my personal knowledge or my review of the litigation files kept in the ordinary course of business, and could and would testify competently hereto.

2.      On November 15, 2019, although not formally served, PennyMac obtained and transmitted to me a copy of the Petition to Confirm Arbitration Award (the "Petition") filed in this case. *See* Dkt. No. 1.

3.      Immediately thereafter, attorneys at Blank Rome, including myself, undertook an investigation to understand the provenance and nature of the supposed "Arbitration Award" that Plaintiff sought to enforce in his Petition.

4.      Believing it to be the product of fraud, on November 25, 2019, I wrote to the Plaintiff, Mark C. Johnson, demanding that he immediately dismiss the Petition "with prejudice,

as it has plainly been filed for an improper purpose and is a fraudulent attempt to unlawfully obtain a judgment against PennyMac without any factual or legal basis." A true and correct copy of the November 25, 2019 Correspondence (the "Rule 11 Letter") is attached as **Exhibit 1**.

5.      In the Rule 11 Letter, I identified the various bases upon which I understood the Petition to have been the product of fraud, and I asserted that Plaintiff's claims, "to the extent that are even stated, are not supported by existing law, and [Plaintiff's] factual contentions, to the extent they have been alleged, are completely devoid of evidentiary support and are instead blatant misrepresentations to the Court." *Id*. at 2.

6.      Plaintiff responded to this letter, which was received by my office on December 6, 2019. A true and correct copy of Plaintiff's response to PennyMac's Rule 11 Letter is attached as **Exhibit 2**.

7.      In Plaintiff's responsive correspondence, he refused to dismiss the Petition, stating "I have submitted my Bond, I have submitted an Arbitration Award for Confirmation, I am the creditor in all respected and the beneficiary of all accounts.  This matter is now set for remedy, it is now ready for a cure.  And, there will be no more contact from me." *Id*. at 4.

8.      On January 7, 2020, I served on Plaintiff pursuant to Rule 5 PennyMac's proposed Rule 11 Motion, asking again that Plaintiff withdraw the Petition, and providing him with twenty-one (21) days in which to do so before PennyMac filed its Rule 11 Motion.  A true and correct copy of the January 7, 2020 letter (the "Safe Harbor Letter") is attached as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

//

//

//

//

//

Executed this 7th day of January 2020, in Washington, D.C.

*/s/ Adrien Pickard*
Adrien Pickard, Esq. (VSB # 65833)
1825 Eye Street, N.W.
Washington, DC  20006-5403
Tel: (202) 727-5845
Fax: (202) 572-1430
APickard@blankrome.com
*Counsel for Defendant PennyMac Loan Services,*
*LLC*

# Exhibit 1



**BLANK ROME** LLP
COUNSELORS AT LAW

Phone:    (202) 772-5845
Fax:      (202) 572-1430
Email:    APickard@BlankRome.com

November 25, 2019

**VIA PRIORITY MAIL**

Mark C. Johnson
451 May Lane
Louisa, VA 23093

| | |
|---|---|
| **Loan No.:** | **8003663145** |
| **Property Address:** | **451 May Lane, Louisa, VA 23093** |
| **Re:** | ***Mark C. Johnson v. PennyMac Loan Service, LLC, et al.*** |
| | **Civil Action No.: 3:19-cv-837** |

Dear Mr. Johnson:

This firm represents PennyMac Loan Services, LLC ("PennyMac") in the above-referenced matter ("Action") in which you are named as "Claimant" in a Petition to Confirm ("Petition") an illegitimate October 21, 2019 arbitration award ("Award") purportedly issued by Kirk Gibbs, alleged arbitrator for Sitcomm Arbitration Association. The Petition is included as an attachment to this letter. If the Action and/or Petition were filed without your knowledge or participation, please inform us immediately, as you may be a victim of identity theft. If, on the other hand, you are the party responsible for filing the Action and Petition, PennyMac demands that you immediately dismiss the Action with prejudice, as it has plainly been filed for an improper purpose and is a fraudulent attempt to unlawfully obtain a judgment against PennyMac without any factual or legal basis.

The Award you are seeking to confirm is not valid and is unenforceable in any Court. Your attempt to pass this Award off as legitimate is an act of fraud on both PennyMac and the Court, and subjects you to serious and significant sanctions under Federal Rule of Civil Procedure, Rule 11. These sanctions may include the expenses, attorney's fees and costs that your actions in filing the fraudulent in Action and Petition have caused PennyMac to incur.

The filing of your Petition and the attempt to confirm the Award violate Rule 11 in a number of respects. First, "Sitcomm Arbitration Association" is not authorized to issue binding and legally enforceable arbitration awards, in either the state of Georgia or the Commonwealth of

# BLANKROME

November 25, 2019
Page 2

Virginia.  Second, nothing in the supposed award references, recites or attempts to analyze any supposed underlying agreement between you and PennyMac that contains an arbitration provision of any kind whatsoever.  The reason for this is obvious: no agreement containing any such arbitration provision exists.  Third, while the Award references a June 6, 2015 "written, irrevocable, binding contractual agreement," there is no discussion or identification of its subject matter, its terms, the consideration provided, the specific parties to the purported contract, whether and when the supposed agreement was executed and, whether any notice, if any, was given to any of the "Respondent(s)."  Fourth, the Award fails to identify any specific controversy or basis for the award, and remarkably, is devoid of any fact-finding whatsoever.  Fifth, the Award falsely implies that PennyMac participated in the October 21, 2019 "arbitration hearing," when PennyMac did no such thing.  *See* Award, Page 4, Para 7.iii.  Finally, nothing in the alleged award even attempts to identify the underlying dispute you supposedly had with PennyMac to justify the entry of any award, let alone provides a basis for the supposed award.

For these reasons, your filing of the Action and Petition serves only the improper purpose of attempting to obtain an unlawful and fraudulent judgment against PennyMac.  Your claims, to the extent they are even stated, are not supported by existing law, and your factual contentions, to the extent they have been alleged, are completely devoid of evidentiary support and are instead blatant misrepresentations to this Court.  As such, pursuant to Rule 11 of the Federal Rules of Civil Procedure, PennyMac demands that you immediately dismiss the above-referenced lawsuit by December 2, 2019.  If you refuse to do so, PennyMac will be forced to serve and file a Rule 11 motion to dismiss the Action and strike your Petition with prejudice, and seek all expenses, attorneys' fees and costs incurred by PennyMac in that process.

In addition, please also note that your apparent scheme to defraud the Court and PennyMac may place you in significant jeopardy.  PennyMac reserves all of its rights to refer this matter to federal or state law enforcement, including the FBI and/or the US Attorney's office.  Moreover, PennyMac reserves its rights to pursue civil relief against you, including for attorney's fees, costs and other harm wrought by your attempted fraud.

Thank you for your consideration and please do not hesitate to contact me if you have any questions regarding this correspondence.

Sincerely

Adrien C. Pickard

Attachment

3:19 cv 837

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MARK C. JOHNSON CLAIMANT(S) v.s. PENNY MAC LOAN SERVICES LLC
ET. AL., (RESPONDENTS)

I, MARK C. JOHNSON do Now submit
A Petition to Confirm (without filing a
Complaint) before this Honorable Court AT Richmond
VIRGINIA.

The Particulars are submitted in Subsequent
Order. Thank You.

Being written and drafted by my hand,
in earnest this day At The Honorable Court
At Richmond.

To: Chief Financial Officer
    Mr. Andrew Yang or Delegated Authority
Penny Mac Loan Services L.L.C.
   P.O. Box 660929
   Dallas, Texas 75266-0929

TO THIS HONORABLE COURT AT RICHMOND VIRGINIA

I MARK C. JOHNSON, being of Sound Mind,
And having Reached the Age of MAJORITY
And being cognizant of all Matters PERTAINING
to myself, do concur with the findings .
of this Arbitration hearing And do graciously
Accept the Award in earnest this day
of November Twelve, Two Thousand Nineteen
Hundred Year of OUR LORD A.d.

This is conclusively; my Filing A Petition to
Confirm before THE COURT AT RICHMOND.

I do elect to file this Petition without
A complaint.

Case 3:19-cv-00837-DJN   Document 11-4   Filed 01/29/20   Page 9 of 28 PageID# 214
Case 3:19-cv-00837-DJN   Document 1   Filed 11/12/19   Page 3 of 5 PageID# 3

2

Federal Arbitration Act
· Maritime Matters
· Interstate or Foreign Commerce
   Sec (9 U.S.C.§ 9).

This Arbitrator Arguably Construed And
(complied) Applies the party Contract.
  Upshur Coals Corp. v. United Mine Workers of Am.
Dist. 31. 933 F. 2d 225, 229 (4th Circuit 1991).
This Arbitration provided speedy and inexpensive
Resolution of Disputes, see MCI Constructors, LLC
v. City of Greensboro, 610 F.3d 849, 857
(4th Cir. 2010)

This Federal Court may enforce an Award
for the Court has:
· Diversity Jurisdiction
· Federal Question Jurisdiction
(see Vaden v. Discover Bank, 55E U.S. 49, 65-66
(2009).)

Case 3:19-cv-00837-DJN   Document 11-4   Filed 01/29/20   Page 10 of 28 PageID# 215
Case 3:19-cv-00837-DJN   Document 1   Filed 11/12/19   Page 4 of 5 PageID# 4

3

The Fourth Circuit has relied on the ordinary meaning of "MAY" to conclude that the one-year Limitations period is permissive.
(Sverdrup Corp. v. WHC Constructors, Inc. 989 F.2d 148 (4th Cir. 1993); Val-U Constr. Co of S.D. v. Rosebud Sioux Tribe 146 F.3d 573 (8th Cir. 1998)).

If: (FAA) Courts may vacate Arbitral Awards governed the FAA on the Common Law Ground of Manifest Disregard of the Law, (Contract) but the ground for vacatur is uncertain.

FAA Lists exclusive grounds for refusing to enforce it does not list Manifest disregard of the Law (Contract) as one of the grounds.

Parties may not agree to expand the scope of Judicial Review of Arbitral Awards.
(552 U.S. 576, 586, (2008).)

The Federal Policy behind the FAA is simply to ensure that Arbitration Agreements are enforceable. (Chorley Enters. Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d. 553, 570 (4th Cir. 2015)).

By: Johnson, Mark-Christopher
of Virginia, born and
domiciled.
November 12th, 2019 12:45pm

SAA-XM7D8FG8839F7-KH773629DH6S                    A170A-MCJ-001

## SITCOMM ARBITRATION ASSOCIATION
### P.O. BOX 41964
### CHARLESTON, SOUTH CAROLINA 29423
### + 1 (877) 631-1722

Website: saalimited.com                Email: support@saalimited.com

## IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:

| | |
|---|---|
| Mark C. Johnson <br><br> CLAIMANT(S), <br><br> v.s. <br><br> Penny Mac Loan Services, LLC ET AL., <br><br> RESPONDENT(S) | Contract No.: SAAMCJ-A170A-102119-KG <br><br><br> 9 UNITED STATES CODES <br><br> §1, §2, AND §9 <br><br> COMMON LAW <br><br><br> SEALED. |

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then

SAA-XM7D8FG8839F7-KH773629DH6S                          A170A-MCJ-001

such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:      Kirk Gibbs

Hearing Location:       Lilburn, Georgia

     This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1.    This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.    That Claimant(s)

i.    Mark C. Johnson, Et Al is a citizen of the state of Virginia; and

b.    The Respondent(s)

    i. Penny Mac Loan Services, LLC ET AL.,

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

SITCOMM ARBITRATION ASSOCIATION

SAA-XM7D8FG8839F7-KH773629DH6S                                A170A-MCJ-001

1. It is uniformly settled that a court's right to vacate or modify an arbitration award is
   extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act
   and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation
   in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

2. Many state courts have held that an award can be corrected only for "miscalculations"
   that appear on "the face of the award" and for mathematical errors that are "patently clear."[2]

3. This Arbitrator, Kirk Gibbs; has been appointed in the above referenced matter on
   behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising
   thereunder by arbitration under the authority of the Federal Arbitration Act.

4. An arbitration hearing was held on Date at which time the Arbitrator reviewed
   all contractual agreements and documentary evidence submitted by the parties in this matter.

5. This Arbitrator fully considered and granted the Claimant's request for summary
   disposition and further considered all the evidence in reference to the Contract Item No.
   45671-77FGHJK-k23459671-445678904©, its terms, promises, and obligations; as well
   as the facts in support as presented during the arbitration of this controversy.

6. On or about June 6, 2015 the Claimant and Respondent(s) entered into a written,
   irrevocable, binding contractual agreement which included an arbitration clause. Both parties
   entered into a legally binding contractual relationship and this Arbitrator found that no fraud in
   the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to
   the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have
   failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not
   willing to participate in the hearing.

---

[2] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998); *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).

SAA-XM7D8FG8839F7-KH773629DH6S                          A170A-MCJ-001

7.  Therefore, after careful consideration of the evidence presented[3], this Arbitrator finds as

    follows:

i.      The Claimant as well as the Respondent(s) are consenting adults, having attained the age of

        the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are

        fully capable of entering into and negotiating contracts; and

ii.     I do not find any of the parties to be suffering from a mental disease and/or defect that

        would have prevented and/or interfered with their knowing and intentional entering into the

        binding contractual agreement; and

iii.    The arbitration hearing was held on October 21,st 2019 at which time this Arbitrator

        reviewed all contractual agreements and documentary evidence submitted by the parties in

        this matter.

iv.     This Arbitrator fully considered and grated the Claimant's request of October 21st, 2019

        for summary disposition and further considered all the evidence in reference to the

        contractual agreement.

v.      This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms

        of the agreement and that the Claimant is entitled to immediate and unconditional remedy as

        prescribed within the terms of the contractual agreement; and

vi.     A prior relationship did not exist between the parties and the Respondent(s) had an

        obligation to respond to the reasonable request of the Claimant; and

vii.    This arbitrator finds that the contractual agreement is binding on all parties, remains

        irrevocable and that the contractual agreement remains in effect as stipulated within the

        agreement until all the obligations are satisfied by the defaulting party. As of this day,

---

[3] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014).
"[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman
Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

SITCOMM ARBITRATION ASSOCIATION

SAA-XM7D8FG8839F7-KH773629DH6S          A170A-MCJ-001

those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

viii.   Retaliation or any sort of back lash will result in the claimant recovering retaliation damages equivalent to five (5) times the amount of actual damages, if any further injury is inflicted.

ix.   The Respondent(s) failed to provide proof that they have not received and/or been notified of the existence of the contractual agreement and of their right to waiver; and

x.   The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on April 1, 2015 which constituted an act of "tacit acquiescence;" and

xi.   The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

8.   Furthermore, this Arbitrator finds that the amount stipulated to be paid to the Claimant is $2,250,000.00 (Two Million Two Hundred Fifty Thousand U.S. Dollars and No Cents) from Respondent Penny Mac Loan Services, LLC ET AL., as stipulated according to the terms of the contractual agreement as agreed to by the parties; and

9.   The total combined award amount is $2,250,000.00 (Two Million Two Hundred Fifty Thousand U.S. Dollars and No Cents) as stipulated according to the terms of the contractual agreement as agreed to by the parties.

10.   The award amounts determined by the contract amount(s) (x3) Times Three.

11.   The Respondent(s) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and according to

SAA-XM7D8FG8839F7-KH773629DH6S                          A170A-MCJ-001

the terms and conditions of the contractual agreement; to modify this Award in an amount

equivalent to two times the determination of this Arbitrator for each Respondent.

12. The contract stated that any final and binding arbitration award may be confirmed in any

United States District Court, pursuant to Title 9 of the United States Code §9 and §13.  The

Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which

unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed'

exceptions applies."[4]  A Judicial review of an arbitrator's award is extremely limited, and the

court must accept the arbitrator's credibility determinations, even where there is conflicting

evidence and room for choice exists.[5]  "An arbitrator's award should not be vacated for errors of

law and fact committed by the arbitrator and the courts should not attempt to mold the award to

conform to their sense of justice."[6]

13. Claimant may seek confirmation of this arbitration Award in a United States District

Court.  Confirmation of an award is generally a "summary proceeding that merely makes what is

already a final arbitration award a judgment of the court."[7]

14. This Award is final and binding between the Claimant and the Respondent(s) in the

above referenced matter upon issuance and execution of this Arbitrator's signature below and full

force and effect take place immediately upon issuance.


(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

---

[4] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008).  *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[6] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

SITCOMM ARBITRATION ASSOCIATION

SAA-XM7D8FG8839F7-KH773629DH6S                    A170A-MCJ-001

## NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:

ORIGINAL:                                        COPY:

CLAIMANT:                                        RESPONDENT(S):

| | |
|---|---|
| Mark C. Johnson<br>451 May lane<br>Louisa County, VA. 23093 | Penny Mac Loan Services, LLC.<br>P.O. Box 660929<br>Dallas, TX 75266-0929 |
| EMAIL: potentateinname@protonmail.com | |

**SO, AWARDED.**
**Be it so this 21, day of October 2019.**

Arbitration Hearing Conducted by:  Kirk Gibbs

Hearing Site:  Lilburn, Georgia

/s/ *Kirk Gibbs*
ARBITRATOR

COMMITTEE MEMBER

IMPORTANT NOTICE: Certification of services rendered.  The Original Arbitration Award is given to the Claimant to be
retained as private property. No Trespass. Certified Copies of the Original can only be issued with permission of
SITCOMM ARBITRATION ASSOCIATION.

SITCOMM ARBITRATION ASSOCIATION
P.O. Box 41964
Charleston, South Carolina
+ 1 (877) 631-1722

Website: saalimited.com                    Email: support@saalimited.com     Page | 2

### ALL-PURPOSE PROOF OF SERVICE

I, SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the document entitled:

CERTIFIED COPY OF ARBITRATION AWARD

by placing it in an envelope addressed to: Name and address:

Mark C. Johnson
451 May lane
Louisa County, VA. 23093        USPS Tracking 9114 9023 0722 469 4715 23

Penny Mac Loan Services, LLC.
P.O. Box 660929
Dallas, TX 75266-0929        USPS Tracking  9114 9023 0722 4679 4715 16

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day October 31, 2019.

THE SITCOMM ARBITRATION ASSOCIATION



DJN   Document 1-2   Filed 11/12/19   Pag

Court Name: UNITED STATES DISTRICT COURT
Division: 3
Receipt Number: 34683345841
Cashier ID: Freeden
Transaction Date: 11/12/2019
Payer Name: MARK C JOHNSON

CIVIL FILING FEE
  For: MARK C JOHNSON
  Amount:      $400.00

CREDIT CARD
  Amt Tendered: $400.00

Total Due:     $400.00
Total Tendered: $400.00
Change Amt:     $0.00

Civil Case #3:19-cv-837

Mark Christopher Johnson
451 May Lane
Louisa, Virginia 23093

Cell Phone
864-317-9901

# Exhibit 2



**BLANK ROME** LLP
COUNSELORS AT LAW

| | |
|---|---|
| *Phone:* | *(202) 772-5845* |
| *Fax:* | *(202) 572-1430* |
| *Email:* | *APickard@BlankRome.com* |

November 25, 2019

**VIA PRIORITY MAIL**

Mark C. Johnson
451 May Lane
Louisa, VA 23093

> **Loan No.:**             **8003663145**
> **Property Address:**  **451 May Lane, Louisa, VA 23093**
> **Re:**                      *Mark C. Johnson v. PennyMac Loan Service, LLC, et al.*
>                               **Civil Action No.: 3:19-cv-837**

Dear Mr. Johnson:

This firm represents PennyMac Loan Services, LLC ("PennyMac") in the above-referenced matter ("Action") in which you are named as "Claimant" in a Petition to Confirm ("Petition") an illegitimate October 21, 2019 arbitration award ("Award") purportedly issued by Kirk Gibbs, alleged arbitrator for Sitcomm Arbitration Association. The Petition is included as an attachment to this letter. If the Action and/or Petition were filed without your knowledge or participation, please inform us immediately, as you may be a victim of identity theft. If, on the other hand, you are the party responsible for filing the Action and Petition, PennyMac demands that you immediately dismiss the Action with prejudice, as it has plainly been filed for an improper purpose and is a fraudulent attempt to unlawfully obtain a judgment against PennyMac without any factual or legal basis.

The Award you are seeking to confirm is not valid and is unenforceable in any Court. Your attempt to pass this Award off as legitimate is an act of fraud on both PennyMac and the Court, and subjects you to serious and significant sanctions under Federal Rule of Civil Procedure, Rule 11. These sanctions may include the expenses, attorney's fees and costs that your actions in filing the fraudulent in Action and Petition have caused PennyMac to incur.

The filing of your Petition and the attempt to confirm the Award violate Rule 11 in a number of respects. First, "Sitcomm Arbitration Association" is not authorized to issue binding and legally enforceable arbitration awards, in either the state of Georgia or the Commonwealth of

# BLANKROME

November 25, 2019
Page 2

Virginia. Second, nothing in the supposed award references, recites or attempts to analyze any supposed underlying agreement between you and PennyMac that contains an arbitration provision of any kind whatsoever. The reason for this is obvious: no agreement containing any such arbitration provision exists. Third, while the Award references a June 6, 2015 "written, irrevocable, binding contractual agreement," there is no discussion or identification of its subject matter, its terms, the consideration provided, the specific parties to the purported contract, whether and when the supposed agreement was executed and, whether any notice, if any, was given to any of the "Respondent(s)." Fourth, the Award fails identify any specific controversy or basis for the award, and remarkably, is devoid of any fact-finding whatsoever. Fifth, the Award falsely implies that PennyMac participated in the October 21, 2019 "arbitration hearing," when PennyMac did no such thing. *See* Award, Page 4, Para 7.iii. Finally, nothing in the alleged award even attempts to identify the underlying dispute you supposedly had with PennyMac to justify the entry of any award, let alone provides a basis for the supposed award.

For these reasons, your filing of the Action and Petition serves only the improper purpose of attempting to obtain an unlawful and fraudulent judgment against PennyMac. Your claims, to the extent they are even stated, are not supported by existing law, and your factual contentions, to the extent they have been alleged, are completely devoid of evidentiary support and are instead blatant misrepresentations to this Court. As such, pursuant to Rule 11 of the Federal Rules of Civil Procedure, PennyMac demands that you immediately dismiss the above-referenced lawsuit by December 2, 2019. If you refuse to do so, PennyMac will be forced to serve and file a Rule 11 motion to dismiss the Action and strike your Petition with prejudice, and seek all expenses, attorneys' fees and costs incurred by PennyMac in that process.

In addition, please also note that your apparent scheme to defraud the Court and PennyMac may place you in significant jeopardy. PennyMac reserves all of its rights to refer this matter to federal or state law enforcement, including the FBI and/or the US Attorney's office. Moreover, PennyMac reserves its rights to pursue civil relief against you, including for attorney's fees, costs and other harm wrought by your attempted fraud.

Thank you for your consideration and please do not hesitate to contact me if you have any questions regarding this correspondence.

Sincerely

Adrien C. Pickard

Attachment

DEAR MR. PICKARD,

I AS A MAN HAVE the right to do AS I deem wholesome, you ARE AWARE that I AM bringing Penny MAC to the stage of "Life," REAL life.

You ARE telling me who you REPRESENT - why? You HAVE No First hand Knowledge of About ANY of PENNY MAC's un-lawful dealings. Would they tell you? I Am making A simple CLAIM, I will Not dismiss Anything! According to the deceased President The Honorable George H. Bush "We operate by the Rule of Law, And Not by the Rule of the Jungle." This MEANS to me AS A common MAN, A private MAN that matters ARE Not decided by PennyMAC or you sir.

Let me give A word About who is Not Recognized AS A lawful man etc; Your comment About Kirk Gibbs. There ARE teeming millions of People who spout, "Mr. Trump is Not President." However, he does hold A legitimate office And it is IN fact "President Of The United States Of America."

You say it is "scheme on the behalf of the Arbitrator And me. Yet I Am standing in OPEN Court opposing Penny MAc's Claim Against my estate AS A beligerent Claimant myself. I Am Not hiding And secretly filing this matter before AN ~~Above~~ ᵐʸ Average body politic.

I am using their process. This is my attempt
at due process before a Superior Court in Virginia.
And why do you as a foreign agent say
I mis-represent the Court. I assure you
the United States District of The Eastern Division
at Richmond, Virginia does not oppose me,
it is only you!! They filed my paperwork, without reservation.

So, Penny Mac has to give an accounting
an many respects and hoping to tell me what to
do in dismissing my claim is not the remedy.
This is what I see from your 4th paragraph of
this draft, that you mailed to me.

For these reasons, your filing of the Action and Petition
serves the proper purpose to obtain a lawful judgment
against Penny Mac. Your claims, to the extent they are
stated are supported by existing law, and your
factual evidentary support to this court.

In conclusion, I have submitted my Bond,
I have submitted an Arbitration Award for
Confirmation, I am the Creditor in all respects
and the beneficiary of all Accounts.
This matter is now set for remedy, it is now
ready for a cure. And, there will be no more
Contact from me.
                                    Sincerely,
                                    Me

# Exhibit 3



BLANK ROME LLP
COUNSELORS AT LAW

Phone:    (202) 772-5845
Fax:      (202) 572-1430
Email:    APickard@BlankRome.com

January 7, 2020

**VIA FIRST CLASS MAIL**

Mark C. Johnson
451 May Lane
Louisa, VA 23093

Re:    *Mark C. Johnson v. PennyMac Loan Services, LLC, et al*,
       U.S. District Court for the Eastern District of Virginia, Docket No. 19-cv-837

Dear Mr. Johnson:

Enclosed, please find Defendant PennyMac Loan Services, LLC's Opposition to Petition to Confirm Arbitration Award and Cross Motion to Vacate Fraudulent Arbitration Award and its accompanying Memorandum in support.

In addition, please find enclosed a proposed Motion for Sanctions Under Fed. R. Civ. P. 11 and accompanying memorandum (the "Motion"), which is being served upon you, but not filed with the Court, pursuant to Rule 11(c)(2). For all of the reasons that we articulated in our letter to you dated November 25, 2019, and in the attached Motion, the Petition to Confirm Arbitration Award (the "Petition") is not legally or factually unsupportable, and it must be withdrawn. Your continued prosecution of this matter may be sanctionable pursuant to Rule 11.

Please consider this formal notice of your offending conduct as required by Rule 11. If you fail to take remedial action by withdrawing the Petition by **January 28, 2020**, PennyMac shall have the right to file the enclosed Motion seeking sanctions against you.

Sincerely,

Adrien C. Pickard

Enclosures