IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

       v.                                      Criminal No. 3:20cr94 (DJN)

KIRK GIBBS,
           Defendant.

**ORDER**

      This matter comes before the Court on PennyMac Loan Services, LLC's ("PennyMac")

Notice of Further Attempts at Personal Service on Kirk Gibbs, filed in the civil action that gave

rise to this contempt action, *Johnson v. PennyMac Loan Services, LLC, et al.*, No. 3:19cv837

(ECF No. 57). The Court had previously scheduled a bench trial for October 6, 2020, on the

issue of whether Defendant Kirk Gibbs' ("Defendant") disobedience of the Court's order

requiring him to appear before the Court at an evidentiary hearing on August 31, 2020,

constituted criminal contempt in violation of 18 U.S.C. § 401. However, the United States

Marshal indicated that it could not perfect service on Defendant of the Order that summoned him

to appear on October 6, 2020. (ECF No. 3.) The Marshal had attempted service at 4155

Lawrenceville HWY, PMB 8119, GA 30047, the address that Gibbs had given as his address of

record to the United States District Court for the Southern District of Mississippi. Accordingly,

on October 6, 2020, the Court continued the contempt proceeding until November 23, 2020, at

11:00 a.m., and issued a Memorandum Order that summoned Defendant to appear on that date.

(ECF No. 5.) The Court ordered PennyMac to utilize a process server to personally serve

Defendant with the October 6, 2020, Memorandum Order by hand within ten days.

On October 16, 2020, PennyMac indicated that it had served Defendant with the
Memorandum Order by Certified Mail at the Lawrenceville Highway address, but that it had not
received a return receipt bearing Defendant's signature. *Johnson v. PennyMac*, ECF No. 55.[1]
On October 19, 2020, PennyMac indicated that it had taken extensive efforts to serve Defendant
by hand, including hiring a private investigator and process servers. *Johnson v. PennyMac*, ECF
No. 56. Despite a diligent search for Defendant, PennyMac had not yet achieved personal
service. Thereafter the Court gave PennyMac an additional ten days to personally serve
Defendant. ECF No. 6.

On October 26, 2020, PennyMac filed notice of the attempts that it has made to effectuate
personal service on Defendant. *Johnson v. PennyMac*, ECF No. 57. Specifically, PennyMac has
hired a personal investigator to search for Defendant. The investigator has tracked down
Defendant to several suspected locations in Georgia and North Carolina. Further, the
investigator has tracked Defendant's car and searched local court records and corporation
records. Moreover, the investigator conducted five separate stakeouts. Additionally, the
investigator also located Defendant's sister, Ms. Kela Gibbs, who resides at 525 Arlington Circle
NW, Lenoir, North Carolina 28645. Kela Gibbs indicated that she expected Defendant to be
present at her house on October 17, 2020. An agent of the investigator staked out the house that
day. At one point, the agent spoke with a man who claimed to be Defendant on the telephone,
with the agent telling Defendant that he needed to deliver certain papers. Defendant asked if the
documents were from PennyMac before instructing the agent to "burn the papers," because he

---

[1]      When PennyMac receives the return receipt from the Certified Mail, it shall provide an
update regarding that service. If the return receipt bears the signature of someone other than
Defendant, PennyMac shall so state.

"[did not] want to be found" and suggesting that he did not intend to appear at the North Carolina home.

The above events clearly demonstrate Defendant's attempts to evade service. On June 18, 2020, Defendant signed his name to a filing with the United States District Court for the Southern District of Mississippi listing the Lawrenceville Highway address as his address of record. *Johnson v. PennyMac*, ECF No. 37-8. Although the Memorandum Order has been sent by Certified Mail to this address, attempts at personal service at that address by the United States Marshal and PennyMac's private process server proved unsuccessful. Yet, Defendant's questioning of whether the documents came from PennyMac clearly demonstrate his knowledge of the documents and his willful evasion of personal service.

Given the extraordinary efforts undertaken to effectuate service and Defendant's commensurate efforts to evade service, the Court finds that service has been effectuated upon Defendant. *See Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 931 (E.D. Va. 2011) (finding service valid on defendant who had successfully avoided being personally served, because "[v]alid service can occur when a defendant refuses or evades service"); *see also Currie v. Wood*, 112 F.R.D. 408, 409-10 (E.D.N.C. Oct. 14, 1986) (collecting cases finding sufficient service despite a failure to manually deliver where the defendant attempted to evade service). Given his comments on the phone and the delivery by Certified Mail to the address given by Defendant, the Court finds that Defendant has been sufficiently apprised of the current proceedings against him. However, out of an abundance of caution, and because Defendant may potentially be found at the home of his sister Kela Gibbs, PennyMac shall serve this Order and the Memorandum Order on Kela Gibbs.

3

Accordingly, it is hereby ORDERED that Defendant shall serve by hand or by Certified Mail this Order and the October 6, 2020 Memorandum Order at the address that it has located for Defendant's sister, Kela Gibbs.  Further, Kela Gibbs is hereby ORDERED to make all reasonable efforts to apprise Kirk Gibbs of these documents and deliver them to him.

**Should Defendant fail to appear for the November 23, 2020 criminal contempt proceedings, a warrant will be issued for his arrest and immediate detention.**

Let the Clerk file this Memorandum Order electronically and notify all counsel of record in this case and in *Johnson v. PennyMac Loan Services, LLLC*, Case No. 3:19cv837.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated:  October 28, 2020

4