IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARK C. JOHNSON,
    *Pro se* Petitioner,

v.                                                            Civil No. 3:19cv837 (DJN)

PENNYMAC LOAN SERVICES, LLC,
    Respondent.

## ORDER
### (Striking Filings)

This matter comes before the Court on a Motion to Dismiss with Prejudice for Insufficient Service of Process (the "Motion" (ECF No. 60)), sent to the Court by Brett "Eeon" Jones ("Jones"). Jones purportedly filed this Motion on behalf of Sitcomm Arbitration Association ("SAA"). The Court had previously ordered non-party SAA to pay $50,000 in sanctions to Respondent PennyMac Loan Services, LLC ("PennyMac") for SAA's failure to comply with the Court's orders with respect to this litigation. (ECF No. 53.) Jones argues that the Court must grant his Motion, because SAA's former registered agent was served after SAA had retained a new registered agent, rendering service ineffective.[1] (Mem. of Points and Authorities (the "Memorandum") (ECF No. 61) at 6.)

---

[1] The Motion lacks clarity as to the relief that SAA seeks with its motion to dismiss, given that he does not specify what the Court should dismiss, SAA is not a party to this action and no claims for relief have been filed against SAA that the Court would dismiss. Moreover, Jones includes a challenge to the Court's jurisdiction to vacate the arbitration award underlying this suit. Nevertheless, the Court surmises that Jones seeks to challenge the award of $50,000 in sanctions against SAA.

Jones' Motion and Memorandum contain numerous deficiencies, but the Court must reject the filings outright without reaching the merits of the Motion, because an attorney did not submit them on behalf of SAA.[2] Under clearly established law, a corporation or other artificial entity cannot appear in federal court without counsel representing it. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Moreover, the Court's Local Rules require that any counsel "presenting papers, suits, or pleadings for filing, or making an appearance, must be members of the bar of this Court" or associate with a member of the bar of this Court. Local Civ. R. 83.1(F). The Court's records indicate that Brett "Eeon" Jones has not been admitted as a member of the bar of this Court, and it does not appear that he is an attorney licensed by any jurisdiction. Accordingly, he may not file any papers or appear on behalf of SAA. In sum, SAA cannot represent itself in this proceeding. Nor can Jones represent it.

Accordingly, it is hereby ORDERED that the Motion (ECF No. 60) and accompanying memorandum (ECF No. 61) be STRICKEN from the record as improperly filed. Any future filings on behalf of SAA must be filed by a licensed attorney admitted to the bar of this Court and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy of this Order to *pro se* Petitioner at his address of record. Additionally, the Clerk shall

---

[2] The Court notes that the Motion appears to lack merit, as the only evidence that Jones submits in support of the fact that SAA changed its registered agent before being served with the Court's Orders pertains to Innovative Holdings, Inc. — an entirely different entity — changing its registered agent. (ECF No. 61-1.)

mail a copy of this Order to Sitcomm Arbitration Association at the following addresses: 1621 Central Ave., Cheyenne, WY, 82001 and 30 N Gould Street, Suite R. Sheridan, WY 82801.

    It is so ORDERED.

                                                      /s/

                                          David J. Novak
                                          United States District Judge

Richmond, Virginia
Date: December 9, 2020