IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARK C. JOHNSON,
    *Pro se* Petitioner,

v.                                                        Civil No. 3:19cv837 (DJN)

PENNYMAC LOAN SERVICES, LLC,
    Respondent.

## ORDER
### (Granting Motion)

This matter comes before the Court on Respondent PennyMac Loan Services, LLC's ("PennyMac") Response to Reminder to the Court and Affidavit and Motion to Strike Same (ECF No. 65), moving the Court to strike two letters (ECF Nos. 63-64) submitted to the Court by Brett Jones. Jones purportedly submitted these as a "friend of the Court" and on behalf of Sitcomm Arbitration Association ("SAA"). Neither Jones nor SAA is a party to this action, although the Court previously ordered SAA to pay $50,000 in sanctions to PennyMac for SAA's failure to comply with the Court's orders with respect to this litigation. Previously, the Court struck two filings (ECF Nos. 60, 61) that Jones filed on behalf of SAA, because a corporation like SAA can only appear in federal court through licensed counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Accordingly, Jones, who is not an attorney licensed to practice in this Court, cannot appear on behalf of SAA.

In his latest submissions, including several since PennyMac filed its motion, Jones attempts to skirt this long-standing rule by filing as a "friend of the Court" (ECF Nos. 63-64), on

his own behalf (ECF Nos. 66, 68) or also on behalf of Kirk Gibbs (ECF No. 67). Clearly, however, Jones intends to file them on behalf of SAA, which he cannot do. Likewise, Jones may not file any papers on behalf of Gibbs. Moreover, the Court has not granted Jones leave to file as a friend of the Court, nor has Jones moved to file as a friend of the Court. *See Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) ("The Court has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*."). Nor has the Court granted Jones leave to intervene in this action. Therefore, the filings have not been properly filed.

Moreover, the filings lack any cogent legal analysis or proper requests for relief. Rather, it appears that Jones has submitted the filings to harass and intimidate PennyMac and the Court. Accordingly, the Court will strike the pleadings from the record and enjoin Jones from filing any more pleadings in this action without first obtaining leave of Court.

It is hereby ORDERED that PennyMac's Motion (ECF No. 65) is hereby GRANTED and the filings (ECF Nos. 63-64, 66-68) shall be STRICKEN from the record as improperly filed. Further, Jones is hereby ENJOINED from filing any more pleadings in this action, except to seek appellate review, without first obtaining leave of Court.[1] To that end, should Jones wish to file any additional papers in this action, he must first submit to the undersigned: (i) an application for leave to file a pleading, which shall include the capacity in which Jones seeks to file the pleading and the authority that permits him to file the pleading in that capacity; (ii) a copy of the pleading; and (iii) a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment. Additionally, all proposed pleadings must comply with the Federal

---

[1] This pre-filing injunction applies equally to the accompanying criminal case, *United States v. Gibbs*, 3:20cr94. However, the Court notes that Jones and SAA have no potential interest in that criminal matter, making any claim to standing to file in that action that they may have even thinner.

Rules of Civil Procedure and the Local Rules of this Court. The Clerk shall not docket any papers submitted by Jones unless he submits the proper application materials and the Court grants him leave to file.

Nothing in this pre-filing injunction shall be construed to preclude SAA from filing pleadings in this action, provided it does so through a licensed attorney admitted to the bar of this Court and in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy of this Order to *pro se* Petitioner at his address of record. Additionally, the Clerk shall send a copy to Jones at the return address listed on the stricken filings.

It is so ORDERED.

                                                                        /s/
                                      David J. Novak
                                      United States District Judge

Richmond, Virginia
Date: December 30, 2020